James P. Flynn
EPSTEIN BECKER & GREEN, P.C.
One Gateway Center
Newark, NJ 07102
Tel: 973.642.1900
jflynn@ebglaw.com
Attorneys for Plaintiff
Ipsen Bioscience, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Ipsen Bioscience, Inc.,

                Plaintiff,

- against -

Tania Small,

                Defendant.

Civil Action No. _____ (\_\_\_\_)(\_\_\_)

**COMPLAINT**

Plaintiff, Ipsen Bioscience, Inc., ("Ipsen" or the "Company"), through its attorneys, as its claim against Defendant Tania Small ("Defendant" or "Small"), alleges as follows:

## INTRODUCTION

1. Ipsen brings this action seeking to collect repayment due in in the amount of $107,164.77 from Small to Ipsen.

2. Ipsen is owed this money as a consequence of Small's contractual obligation to return any signing bonus funds she received following her hire by Ipsen if, as occurred here, she resigned from her position with Ipsen before her eighteen month anniversary with the Company.

3. Consequently, as stated more fully below, Ipsen raises claims of breach of express contract, breach of the implied covenant of good faith and fair dealing, quantum meruit/unjust enrichment, and promissory estoppel.

## THE PARTIES

4. Plaintiff Ipsen Bioscience, Inc. is a Massachusetts corporation with its principal place of business and headquarters in Cambridge, Massachusetts.

5. Ipsen is a leading biopharmaceutical group dedicated to improving lives through innovative medicines in oncology, neuroscience, and rare diseases.

6. Defendant Tania Small is an individual who resides at 118-14 220th Street, Cambria Heights, New York 11411 and is a resident of the State of New York.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §1332, as it is an action between citizens of different states and the matter in controversy exceeds $75,000.00 exclusive of interests and costs.

8. This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

9. Venue is appropriate under 28 U.S.C. §1391.

**FACTS COMMON TO ALL COUNTS**

10. On or about December 18, 2017, Ipsen offered Small employment in the position of Vice President ("VP"), Global Drug Development, Oncology by way of a revised offer letter, which outlines the terms of employments and benefits Small would receive, and her obligations under the offer letter agreement (the "Agreement"). See Ex. A.

11. On December 18, 2017, Small accepted the offer by signing the Agreement, and began working as an Ipsen VP that very same day. See Ex. A.

12. As outlined in the Agreement, Small received an initial "signing bonus" of $100,000.00, less standard deductions and required withholdings, as a benefit of accepting employment with Ipsen. See Ex. A.

13. As outlined in the Agreement, Small received an addition "signing bonus" of $70,000.00, less standard deductions and required withholdings, as a benefit processed in the pay period immediately following the start of her active employment with Ipsen. See Ex. A.

14. After standard deductions and required withholdings, the net amount issued to Small as a "signing bonus" was $107,164.77 (the "signing bonus funds").

15. In or about July 2018, Small resigned from her position with Ipsen, with her termination effective as of August 2, 2018 – totaling seven months and fifteen days of employment with Ipsen.

16. The Agreement explicitly states with respect to the initial "signing bonus" that "if prior to your 18 month anniversary of the commencement of your employment with the

3

Company, you (a) terminate your own employment with the Company for any reason…you shall repay the entire signing bonus to the Company." See Ex. A.

17. The Agreement further explicitly states that any such required repayment of "signing bonus" funds "shall be made by you to the Company within ten (10) business day of the termination of your employment." See Ex. A.

18. Small's eighteen-month anniversary with Ipsen would have accrued on June 18, 2019 – ten months and sixteen days *after* Small terminated her employment with Ipsen.

19. In accordance with the Agreement, Small was required to repay Ipsen the $107,164.77 in signing bonus funds by August 16, 2018.

20. Ipsen issued the signing bonus funds to Small on the condition that Ipsen receive the benefit of a minimum of 18 months of employment by Small.

21. Ipsen did not receive that benefit of the Agreement.

22. On August 13, 2018, Ipsen sent an email correspondence to Small reminding Small of her obligation to repay the signing bonus funds to Ipsen. See Ex. B.

23. Small responded on that same day asking for a detailed request including the amount of the signing bonus funds which she needed to repay to Ipsen. See Ex. B.

24. Small did not deny that she owed Ipsen repayment of the signing bonus funds. See Ex. B.

25. Small did not repay the signing bonus funds by August 16, 2018.

26. On or about August 27, 2018, Ipsen issued a letter to Small providing additional details regarding the repayment, and requesting that she repay the $107,164.77 in signing bonus funds owed to Ipsen by September 11, 2018, and providing Small with a copy of the Agreement outlining Small's obligations in this regard. See Ex. C.

27. Small did not repay the signing bonus funds by September 11, 2018, nor did she contact Ipsen to discuss the repayment.

28. On September 21, 2018, counsel for Ipsen issued a letter to Small, requesting for a third time that she repay the past due $107,164.77 in signing bonus funds owed to Ipsen by September 28, 2018. See Ex. D.

29. In a September 27, 2018 telephone call, Small admitted and agreed that she owed the $107,164.77 in signing bonus funds to Ipsen, and was making arrangements to have it paid.

30. Small also stated in that call that her new employer had agreed to repay the signing bonus funds to Ipsen on her behalf.

31. Despite a request to do so, Small's new employer has neither confirmed Small's representation nor have they paid any amount to Ipsen on her behalf.

32. Small's purported agreement with a third party does not relieve her of her obligation to return to Ipsen the signing bonus funds.

33. As of the date of this Complaint, Small has not repaid to Ipsen any of the $107,164.77 in signing bonus funds that she owes under the Agreement.

## COUNT ONE

### (Breach of Agreement)

34. Ipsen repeats and incorporates herein by reference the allegations contained in the preceding Paragraphs of this complaint as if set forth at length here.

35. The terms of the Agreement between Ipsen and Small required and mandated that Small pay to Ipsen the amounts due and demanded – $107,164.77 in signing bonus funds.

36. To date, Small has not paid any of the amount due to Ipsen.

37. Ipsen fully performed all of its obligations under the parties' Agreement.

38. Small has not otherwise fulfilled her performance obligations of working for a minimum of eighteen months as an employee for Ipsen to warrant the signing bonus funds received.

39. Despite demands for repayment, Small has improperly and wrongfully failed to pay the outstanding amounts due and owing to Ipsen.

40. Moreover, Small represented in bad faith that she intended to repay the signing bonus funds to Ipsen.

41. By failing to repay Ipsen the $107,164.77 in signing bonus funds, in accordance with the terms of the parties' Agreement, Small materially breached the Agreement.

42. As a direct and proximate result, Ipsen has been damaged in an amount to be shown at trial, plus pre-judgment interest on the outstanding amount, plus attorneys' fees and costs.

## COUNT TWO

### (Breach of Good Faith and Fair Dealing)

43. Ipsen repeats and incorporates herein by reference the allegations contained in the preceding Paragraphs of this complaint as if set forth at length here.

44. The Agreement between Ipsen and Small contains an implied covenant by both parties to act in good faith and deal fairly with each other, and that neither party take or fail to take any action that would deprive the other of the reasonably anticipated fruits such party would enjoy under the agreement.

45. By refusing to fairly and reasonably repay Ipsen in accordance with the agreement, Small has violated, and continues to violate, the Agreement's implied covenant of good faith and fair dealing and deprive Ipsen improperly of the anticipated fruits of this agreement.

46. Small's breach of the implied covenant of good faith and fair dealing has caused, and will continue to cause, Ipsen to suffer substantial monetary damages, in an amount to be determined at hearing.

47. These monetary damages include, but are not limited to, an amount to be shown at trial, plus pre-judgment interest on the outstanding amount, in addition to the attorneys' fees and costs associated with pursuing this action, an action wholly unnecessary but for Small's failure to timely pay her acknowledged debt to Ipsen.

## COUNT THREE

### (Quantum Meruit/Unjust Enrichment)

48. Ipsen repeats and incorporates herein by reference the allegations contained in the preceding Paragraphs of this complaint as if set forth at length here.

49. Ipsen paid Small the signing bonus funds in good faith in connection with its contractual duties and with the understanding that Small would provide at least eighteen months of services through her employment with Ipsen under the Agreement.

50. At the time the signing bonus funds were issued by Ipsen, and accepted by Small, Ipsen had the intent and reasonable expectation that Small would repay those signing bonus funds to Ipsen in the event that she terminated her employment with Ipsen prior to the eighteen-month mark.

51. Small understood, acknowledged, and induced Ipsen's expectations.

52. To the extent that Small argues or asserts that the agreement between the parties did not reflect a contractual arrangement specifically requiring the repayment that Ipsen demands, Ipsen is entitled to recovery quantum meruit.

53. The amounts demanded by Ipsen are reasonable and appropriate under the Agreement.

54. Despite Ipsen's demand for repayment, Small has refused to repay the demanded $107,164.77 in signing bonus funds.

55. Small's failure to repay the signing bonus funds while retaining the benefit thereof and without having provided the requisite eighteen months of services through her employment with Ipsen would be unjust.

56. Equity and good conscience dictate that Small should be compelled to pay the demanded amount to Ipsen.

## COUNT FOUR

### (Promissory Estoppel)

57. Ipsen repeats and incorporates herein by reference the allegations contained in the preceding Paragraphs of this complaint as if set forth at length here.

58. The commitment to repay Ipsen was a promise by and on behalf of Small.

59. Such promises and representations were made to induce, and did in fact induce, Ipsen to pay Small the signing bonus funds with the expectation that she would remain employed by Ipsen and provide services to Ipsen in that capacity for at least eighteen months.

60. Ipsen reasonably relied upon said promises to its detriment.

61. Ipsen provided Small with all the benefits offered in exchange for said promise and fully performed.

62. The interests of justice require that Small be estopped from denying said promise and failing to perform pursuant to its terms.

**WHEREFORE**, Ipsen demands judgment in his favor and against Small, including but not limited to awarding:

a) damages in an amount proven at trial;

b) pre-judgment interest on the outstanding amount;

c) Ipsen its attorneys' fees and costs in bringing this action;

    d)      such other relief as the Court deems necessary and appropriate.

Dated:  October 15, 2018                            EPSTEIN BECKER & GREEN, P.C.

                                                   */s/ James P. Flynn*
                                                   James P. Flynn
                                                   One Gateway Center
                                                   Newark, NJ 07102
                                                   Tel: 973.642.1900
                                                   jflynn@ebglaw.com
                                                   Attorneys for Plaintiff
                                                   Ipsen Bioscience, Inc.